**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ALEX OMEKE,** ) | | |
|       Plaintiff, ) | | |
| ) | | |
| v. ) | | 3:07-CV-0567-D |
| ) | | ECF |
| **VERIZON WIRELESS,** ) | | |
|       Defendant. ) | | Referred to Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case: This is a *pro se* employment discrimination action.

    Parties: Plaintiff is a resident of Arlington, Texas. Defendant is Verizon Wireless.

    Statement of the Case: On March 30, 2007, Plaintiff filed the complaint in this action along with a motion to proceed *in forma pauperis* to establish that he was unable to pay the $350.00 filing fee.

    Findings and Conclusions: The statute authorizing the court to grant *in forma pauperis* status to an indigent litigant states that:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security

> therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

The mere execution of an affidavit of indigence does not automatically entitle a litigant to proceed *in forma pauperis*. Rather, the court enjoys limited discretion to grant or deny a motion for leave to proceed *in forma pauperis* based upon the financial statement set forth within the applicant's affidavit. *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 337, 69 S. Ct. 85, 88 (1948); *Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir.1988); *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. Unit A June 1981); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Because the information in his motion was insufficient to determine whether Plaintiff was entitled to proceed without payment of the $350.00 filing fee, on April 5, 2007, the Magistrate Judge issued an order requiring Plaintiff to submit an additional affidavit in support of his *in forma pauperis* request. On May 4, 2007, Plaintiff filed his affidavit, executed on April 27, 2007, which reflected that he was employed with gross monthly income of $1,858, that his wife was employed earning a gross monthly pay of $520.00, that he owned two cars with an estimated cumulative value of $4,400, and a residence at 7100 Hanrahan Court in Arlington, Texas. Although he stated that he had mortgage payments of $1,350.00 per month, he failed to include any value for the residence or his equity in the property. On May 11, 2007, the Court wrote Plaintiff requesting additional information with respect to his residence. (*See* Docket

#11). As of this date, Plaintiff has failed to provide the additional information. Therefore, he has failed to demonstrate that he should be allowed to proceed *in forma pauperis*.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court deny Plaintiff's motion to proceed *in forma pauperis*.

It is further recommended that the District Court dismiss this action unless Plaintiff tenders the $350.00 filing fee to the District Clerk within ten (10) days of the filing of this recommendation.

The Clerk will mail a copy of this recommendation to Plaintiff.

Signed this 28th day of June, 2007.

*Wm. F. Sanderson, Jr.*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.